UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-616-BR

| | |
|---|---|
| MITCHELL CARTER RABIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TOWN OF SMITHFIELD, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the 5 December 2011 partial motion to dismiss filed by defendant Town of Smithfield ("defendant"). The motion is ripe for disposition.

## I. BACKGROUND

On 12 May 2010, plaintiff Mitchell Carter Rabil ("plaintiff") filed a civil action against defendant in the Superior Court Division of Johnston County, North Carolina. (Mot. Dismiss, Ex. A, DE # 8-1.) Plaintiff alleged that he was wrongly arrested on 26 April 2007[1] by two police officers who were employed by defendant, Captain Bruce Gentry and Sergeant Ryan Sheppard. (Id.) Plaintiff was arrested while he was trying to photograph a fatal accident scene on behalf of several local news organizations. (Id.) Plaintiff asserted the following state tort claims in the 12 May 2010 action: intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, and malicious prosecution. (Id.) He did not assert any federal claims in the complaint. On 16 September 2010, plaintiff filed a voluntary dismissal of the lawsuit pursuant to Rule 41(a)(1) of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. §

---

[1] In his memorandum in opposition to the partial motion to dismiss, plaintiff appears to indicate that the date of his arrest was actually 27 April 2007 and not 26 April 2007 as stated in the complaint. (See Pl.'s Mem. Opp'n Mot. Dismiss, DE # 15, at 1.) The date of the arrest is not determinative of any matter presently before the court.

1A-1, Rule 41. (Id., Ex. B, DE # 8-2.)

On 15 September 2011, plaintiff refiled his lawsuit in Johnston County Superior Court. (Compl., DE # 1-2.) This action involves the same arrest and the same state law claims asserted in the prior lawsuit. However, plaintiff also asserts, for the first time, a federal constitutional claim pursuant to 42 U.S.C. § 1983. (Id. ¶¶ 50-55.) In the § 1983 claim, plaintiff maintains that the actions of the officers at the accident scene on 26 April 2007 violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. (Id.)

On 19 October 2011, plaintiff served counsel for defendant with an amended complaint. (Am. Compl., DE # 1-4.) In the amended complaint, plaintiff describes two additional encounters with other police officers employed by defendant. Plaintiff first alleges that on 16 June 2010, Officer James Gatlin wrongfully reported to the Smithfield Police Department dispatch or communications center that plaintiff was speeding. (Id. ¶¶ 32-42.) Subsequently, in mid-October 2011, plaintiff approached the scene of a house fire in his professional capacity in order to take still photographs and to videotape the events for the local news stations. (Id. ¶¶ 44-45.) Plaintiff alleges that while he was at the scene, Officer Jacob Jones intentionally stood in front of his camera, which prevented him from performing his duties. (Id. ¶¶ 46-50.) The claims that plaintiff makes in the amended complaint are the same as those set forth in the complaint that he filed on 15 September 2011: intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, malicious prosecution, and a federal constitutional claim pursuant to 42 U.S.C. § 1983.

On 1 November 2011, defendant removed plaintiff's action to this court on the basis of federal question jurisdiction. (DE # 1.) Defendant filed its partial motion to dismiss on 5

2

December 2011. (DE # 8.) Plaintiff filed a response on 30 January 2012, and defendant filed a reply on 10 February 2012. (DE ## 15, 19.)

## II. DISCUSSION

Defendant argues that plaintiff's claim under 42 U.S.C. § 1983 should be dismissed to the extent that it is based on plaintiff's arrest on 26 April 2007 because it is time-barred. The parties do not dispute that the statute of limitations for a § 1983 claim arising in North Carolina is three years. (Def.'s Mem. Supp. Mot. Dismiss, DE # 9, at 3; Pl.'s Mem. Opp'n Mot. Dismiss, DE # 15, at 2.) See Wallace v. Kato, 549 U.S. 384, 387 (2007); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). As a result, plaintiff's most recent complaint, which was filed in state court on 15 September 2011, covers conduct dating back three years. Thus, plaintiff's § 1983 claim may be based only upon evidence of conduct occurring on or after 15 September 2008 unless the conduct can be considered through an exception to the statute of limitations.[2]

In this case, plaintiff attempts to take refuge in the continuing violations doctrine. "The continuing violation theory may permit a plaintiff to litigate issues that otherwise would be untimely." Spencer v. Town of Chapel Hill, 290 F. Supp. 2d 655, 661 (M.D.N.C. 2003). Plaintiff contends that his April 2007 arrest involving Captain Bruce Gentry and Sergeant Ryan Sheppard can constitute a basis for his § 1983 claim because it is part of a continuing violation

---

[2] The court initially notes that in its motion to dismiss, defendant argues that plaintiff is not entitled to take advantage of the one-year savings provision contained in North Carolina Rule of Civil Procedure 41(a)(1), N.C. Gen. Stat. § 1A-1, Rule 41. Plaintiff appears to concede that the savings provision of Rule 41 is inapplicable here. (See Pl.'s Mem. Opp'n Mot. Dismiss, DE # 15, at 3 ("Plaintiff would agree that the § 1983 claims are not derivative of the stated claims in the original Complaint."), 4 ("Plaintiff is not relying upon the Rule 41 savings provision to save a time-barred § 1983 claim.").) In any event, the court agrees with defendant that plaintiff's § 1983 claim does not fall within the Rule 41 savings provision because it was not set forth in the original state court complaint filed on 12 May 2010, and it is not derivative of the claims filed in the original lawsuit. See Strawbridge v. Sugar Mountain Resort, Inc., 243 F. Supp. 2d 472, 477-78 (W.D.N.C. 2003).

3

which includes the incident that occurred on 16 June 2010 and the incident that took place in mid-October 2011.

Plaintiff's argument is not persuasive. Plaintiff identifies three discrete incidents of alleged police misconduct occurring over a four-year period involving different officers and varying factual circumstances. See Jackson v. New York, No. 06-CV-6364, 2012 WL 729371, at *11 (W.D.N.Y. Mar. 6, 2012) (continuing violation doctrine did not apply to § 1983 claim concerning thirteen incidents of alleged police misconduct that occurred "at different times, under different circumstances and involving different individuals"); Cotz v. Mastroeni, 476 F. Supp. 2d 332, 357 (S.D.N.Y. 2007) (continuing violation doctrine did not apply to § 1983 claim concerning varied police activity occurring over the course of fifteen years involving several different officers and vastly different circumstances). These incidents are separate and unrelated, and plaintiff's amended complaint contains absolutely no allegations of fact that would connect any of the alleged events to each other or to an underlying discriminatory or retaliatory policy or custom.³ See Jackson, 2012 WL 729371, at *11. Therefore, the continuing violation doctrine does not apply to this case, and plaintiff's § 1983 claim must be dismissed to the extent that it is based on his April 2007 arrest because it is time-barred.⁴

---

³ Plaintiff relies on Branch v. Guilderland Central School District, 239 F. Supp. 2d 242 (N.D.N.Y. 2003), a case which plaintiff contends "allowed the invocation of the continuing violations doctrine in an amended pleading claiming violations of § 1983." (Pl.'s Mem. Opp'n Mot. Dismiss, DE # 15, at 4.) However, as the court noted in Branch, the plaintiff in that case "repeatedly expresse[d] or implicate[d]" that the actions upon which his suit was based constituted a "policy" or "custom" on the part of the defendant. Id. at 254 (internal quotation marks omitted). In contrast, in this case, plaintiff does not make a single allegation relating to a discriminatory or retaliatory policy or custom on the part of defendant. Thus, the present case is factually distinguishable from Branch.

⁴ Although plaintiff cannot seek relief based on his April 2007 arrest, the court agrees with plaintiff that the arrest could possibly be used as "background evidence in support of a timely claim," National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), and defendant concedes as much (see Def.'s Reply Mem., DE # 19, at 4 n.4 ("Defendant is not arguing at this time that evidence of prior conduct is not admissible in a § 1983 claim. It can
(continued...)

Finally, although defendant did not move to dismiss plaintiff's § 1983 claim in its entirety, defendant has indicated in its reply memorandum that the allegations made by plaintiff relating to the 16 June 2010 incident and the mid-October 2011 incident do not constitute constitutional violations. (See Def.'s Reply Mem., DE # 19, at 3 nn.2-3.) The court questions the viability of the § 1983 claim but will not dismiss the claim in full without allowing the parties the opportunity for further briefing. Accordingly, the court will order additional briefing on the issues of whether plaintiff's § 1983 claim should be dismissed in its entirety for failure to state a claim and, if so, whether the case should be remanded to state court.

### III. CONCLUSION

Based on the foregoing reasons, defendant's partial motion to dismiss (DE # 8) is GRANTED. Plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED to the extent that it is based on plaintiff's April 2007 arrest. Additionally, defendant is DIRECTED to file a brief within twenty-one days of the date of this order regarding the issues of whether plaintiff's § 1983 claim should be dismissed in its entirety for failure to state a claim, and, if so, whether the case should be remanded to state court. Any response or reply shall be filed in accordance with Local Rule 7.1.

This 12 June 2012.

W. Earl Britt
Senior U.S. District Judge

---

[4](...continued)
be in certain situations.")).